| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br> Caption in Compliance with D.N.J. LBR 9004-2(c) <br> **GENOVA BURNS, LLC** <br> 494 Broad Street <br> Newark, New Jersey 07102 <br> Phone: (973) 533-0777 <br> Fax: (973) 533-1112 <br> *Proposed Counsel for SITO Mobile Solutions, Inc., SITO Mobile, Ltd., and SITO Mobile R&D IP, LLC.* <br> **DANIEL M. STOLZ** <br> **DONALD W. CLARKE** | |
| In Re: <br><br> **SITO MOBILE SOLUTIONS, INC.,** <br><br> Debtor. | Case No.: 20-21436 <br> (*Jointly Administered*) <br><br> Judge: Honorable Stacey L. Meisel <br><br> Chapter: 11 |

**MEMORANDUM IN SUPPORT OF ENTRY OF AN ORDER EXTENDING EXCLUSIVITY**

**PRELIMINARY STATEMENT**

SITO MOBILE SOLUTIONS, INC. (with the jointly administered debtors, the "Debtors") hereby submits this Memorandum of Law in support of the Motion for an order extending exclusivity pursuant to 11 U.S.C. § 1121(d)(1) (the "Motion").

**FACTUAL BACKGROUND**

The facts underlying the Motion are set forth in the *Certification of Thomas Candelaria* in support of the Motion (the "Candelaria Certification") and are incorporated herein by reference.

**ARGUMENT**

Pursuant to 11 U.S.C. § 1121, debtors are provided with an exclusive period during which they may file a plan. That period is the first 120 days of a Chapter 11 case. Debtors are also provided an exclusive period during which they may obtain confirmation of a plan. That period is the first 180 days of a Chapter 11 case. 11 U.S.C. §1121(b)(c). ***In this Case,[1] these dates fall on Friday, February 5, 2021, and Tuesday, April 6, 2021, respectively.***

Pursuant to 11 U.S.C. §1121(d)(1), the Court is empowered to extend the 120-day exclusive period during which only the Debtor may file a plan and the 180-day exclusive period during which only the Debtor may seek confirmation of a plan. 11 U.S.C. §1121(d)(1). In making a determination whether to extend the exclusivity period, the Courts have considered:

(1) the size and complexity of the case,

(2) the necessity of sufficient time to negotiate and prepare adequate information,

(3) the existence of good faith progress,

(4) whether the Debtor is paying its debts as they become due,

(5) whether the Debtor has demonstrated reasonable prospects for filing a viable Plan,

---

[1] Capitalized terms not defined herein shall have the meaning attributed them in prior or related pleadings.

(6) whether the Debtor has made progress negotiating with creditors,

(7) the length of time the case has been pending,

(8) whether the Debtor is seeking an extension to pressure creditors, and

(9) whether or not unresolved contingencies exist.

*In re Central Jersey Airport Services, LLC.,* 282 B.R. 176, 184 (Bankr. D. N.J. 2002); *In re Dow Corning Corp.,* 208 B.R. 661 (Bankr. E.D. Mich. 1997); In re Adelphia Communications Corp., 352 B.R. 578 (Bankr. S.D.N.Y. 2006).

Courts generally agree that a mechanical application of the enumerated factors should not be the extent of the analysis, but that it should include an evaluation of a global view of the case. *In re Adelphia Communications Corp.*, 352 B.R. 578, 582, 590 (Bankr. S.D.N.Y. 2006) (a practical call can override a mere toting up of the factors); *In re Dow Corning Corp.,* 208 B.R. 661 (Bankr. E.D. Mich. 1997).

**Size and Complexity of Cases**.  The Debtors' Cases involve multifaceted issues concerning ownership and secured interests in intangible assets, new business operations initiated shortly before the Petition Date, and multiple complex patent litigation.

**Necessity of Sufficient Time to Formulate a Plan**.  The Debtors are investigating their options to maximize a return for the estate.  Unfortunately, due to the scope of work performed to date and the time it took to achieve their immediate goals, there will be insufficient time before the current exclusivity period expires to finalize a plan of reorganization. Therefore, additional time is necessary.

**Good Faith Progress Towards Reorganization**.  In the short period that the Debtors have been the subject of these Chapter 11 proceedings, the Debtors have accomplished a great deal, as detailed in the Candelaria Certification.

**Post-Petition Obligations.** The Debtors are current with their fee and reporting obligations which have accrued since the Chapter 11 filing.

**Reasonable Prospects for Filing a Viable Plan.** This factor requires only that the Debtors show they are able to obtain confirmation of at least some viable Plan in a reasonable period of time. The Debtors submit that it is highly likely they will be in a position to file a Plan within the time provided for by the Code.

**Progress of Negotiations.** As set forth hereinabove, the Debtors have continued to keep an open line of communication with the Committee concerning all matters related to these cases. Likewise, to date, the Debtors have been successful in amicably resolving virtually all issues which have arisen.

**Lapse Time of the Case.** This Chapter 11 Case is only three (3) months old and this is the first request for relief of this nature. The Debtors are well within the time permitted by the Code to make such a request.

**Impact on Creditors.** The Debtors are not seeking an extension of the exclusive period to pressure creditors to submit to any demands. The Debtors anticipate a consensual Plan can and will be reached in these Cases.

**Unresolved Contingencies.** To the best of the Debtor's knowledge there are no significant unresolved contingencies that would substantially disrupt the Debtors' ability to satisfy its obligations to file a plan within the time period provided for by the Code.

## CONCLUSION

Based upon the foregoing facts and legal authority, the Debtors respectfully submit that sufficient cause exists for the extension of the Debtors' exclusive periods.

**WHEREFORE**, the Debtors respectfully request the entry of the Order submitted herewith, providing for a ***90-day extension of the Debtors' exclusive period for filing a plan through Thursday, May 6, 2021, and the exclusive period in which to obtain confirmation of a plan through Monday, July 5, 2021***, together with such other and further relief as is just and equitable.

                                                    Respectfully submitted,

                                                    **WASSERMAN, JURISTA & STOLZ, PC**
                                                    *Counsel to Debtors*

Date:  January 8, 2021                       */s/     Donald W. Clarke*_____
                                                    DONALD W. CLARKE