

Genova Burns LLC
110 Allen Rd., Ste. 304
Basking Ridge, NJ 07920
Tel: 973.467.2700  Fax: 973.467.8126
Web: www.genovaburns.com

**Donald W. Clarke, Esq.**
Counsel
Member of the NJ & NY Bar
dclarke@genovaburns.com
Direct: 973-387-7804

February 1, 2021

Hon. Stacey L. Meisel, U.S.B.J.
Martin Luther King, Jr. Federal Building
United States Bankruptcy Court for the District of New Jersey
50 Walnut Street, 3rd Floor, Courtroom 3A
Newark, New Jersey 07102

  Re:  SITO Mobile Solutions, Inc. (Case No.: 20-21436-SLM) (Jointly Administered)

Dear Judge Meisel:

  The undersigned represents Sito Mobile Solutions, Inc. ("Sito") and the jointly administered debtors-in-possession (the "Debtors") in the above chapter 11 bankruptcy case, commenced on October 8, 2020 (the "Petition Date"). Please accept this letter supplement in lieu of a more formal application (the "Supplement").

  On January 19th, Your Honor heard the Debtor's motion to seal [Doc 91] the respective retention agreements for the Debtors' proposed special counsel prosecuting the Debtors' interests in multiple patent litigation. [Docs 89 and 90] At the hearing, Your Honor instructed the Debtors to file a supplement in support of the Debtors' request addressing § 107(b) and certain caselaw concerning the Court's authority to seal documents that otherwise require disclosure. Your Honor established a deadline for the Committee[1] or the United States Trustee (the "UST") to object to the Debtor's supplement and scheduled a hearing for February 9th.

  Since the hearing, the Debtor has consulted with its current and proposed professionals and has two developments to report. First, the Debtors are <u>withdrawing both the Goldberg Retention [Doc 90] and the motion to seal</u> (naturally, as to the now withdrawn Goldberg Retention, but also as to the Bernstein Retention). [Doc 91] Second, the Debtors, contemporaneously herewith, are filing the retention application for The Law Office of Bruce G. Bernstein PLLC as a supplement to the Bernstein Retention and are submitting to Your Honor's Chambers (after soliciting review and comment from the Committee and the UST) a proposed revised order authorizing the Bernstein Retention with the changes detailed in this Supplement.

  Regarding the Bernstein Retention [Doc 89], the proposed order shall clarify that, consistent with the debtors' supplement filed January 12th [Doc 111], the retention is subject to: (i) waiver of any right or request for expense reimbursement or payment of fees inconsistent with code sections requiring special

---

[1] Capitalized terms not defined herein shall have the meaning attributed them in the related pleadings.

counsel to file the appropriate fee application and obtain court approval; and (ii) this Court's retention of jurisdiction over disputes arising under the retention agreement (including waiver of the arbitration clause).

Regarding the withdrawal of the Goldberg Retention [Doc 90], it has come to the Debtors' attention that the entire practice group handling the Debtors' patent litigation (including those professionals whose experience to handle these matters was referenced in the Goldberg Retention) is in the process of separating from Goldberg and is forming a new firm, Daignault Iyer LLP ("di Law"). Shortly, the Debtor will file a new retention application for di Law. The application will not be made subject to a request to seal the retainer agreement, which retainer agreement shall be substantially identical to the Goldberg retainer agreement previously provided to the UST and the Committee. To be clear, the retainer agreement with di Law shall provide for the same rights, obligations, and recovery to the Debtors.

Consistent with the Bernstein Retention, the retention of di Law will be subject to: (i) waiver of any right or request for expense reimbursement or payment of fees inconsistent with code sections requiring special counsel to file the appropriate fee application and obtain court approval; and (ii) this Court's retention of jurisdiction over disputes arising under the retention agreement (including waiver of any arbitration clause). That clarification will be included with the retention application when submitted.

Based on the foregoing, as well as the Debtors' having supplemented the Bernstein Retention with a copy of the Bernstein retainer agreement and withdrawn the motion to seal, the Debtor respectfully request Your Honor grant the Bernstein Retention, and direct the clerk to withdraw the Goldberg Retention [Doc 90] and motion to seal. [Doc 91]

Respectfully submitted,

GENOVA BURNS LLC

DONALD W. CLARKE

DWC