| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>**GENOVA BURNS LLC**<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Phone: (973) 467-2700<br>Fax: (973) 467-8126<br>*Counsel for SITO Mobile Solutions, Inc., SITO Mobile, Ltd., and SITO Mobile R&D IP, LLC.*<br>**DANIEL M. STOLZ**<br>**DONALD W. CLARKE** | |
| In Re:<br><br>**SITO MOBILE SOLUTIONS, INC.[1]**,<br><br>                    Debtor. | Case No.: 20-21436<br><br>Judge: Honorable Stacey L. Meisel<br><br>Chapter: 11 |
| In Re:<br><br>**SITO MOBILE, LTD.[2]**,<br><br>                    Debtor. | Case No.: 20-21435<br><br>Judge: Honorable Stacey L. Meisel<br><br>Chapter: 11 |
| In Re:<br><br>**SITO MOBILE R&D IP, LLC[3]**,<br><br>                    Debtor. | Case No.: 20-21437<br><br>Judge: Honorable Stacey L. Meisel<br><br>Chapter: 11 |

**MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON AN INTERIM BASIS; (II) SCHEDULING A COMBINED HEARING ON FINAL APPROVAL OF THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION AND DEADLINES RELATED THERETO; (III) APPROVING THE SOLICITATION, NOTICE AND TABULATION PROCEDURES AND FORMS <u>RELATED THERETO; AND (IV) GRANTING RELATED RELIEF</u>**

**TO THE HONORABLE STACEY L. MEISEL**
**UNITED STATES BANKRUPTCY JUDGE:**

---

[1] The last four digits of the Debtors' Federal Tax Identification Numbers are 3380. The Debtors' corporate headquarters is located at 123 Town Square Place, #419, Jersey City, NJ 07310.
[2] The last four digits of the Debtors' Federal Tax Identification Numbers are 2844. The Debtors' corporate headquarters is located at 123 Town Square Place, #419, Jersey City, NJ 07310.
[3] The last four digits of the Debtors' Federal Tax Identification Numbers are 3182. The Debtors' corporate headquarters is located at 123 Town Square Place, #419, Jersey City, NJ 07310.

1

SITO Mobile Solutions, Inc., SITO Mobile, Ltd. and SITO Mobile R&D IP, LLC (collectively "SITO" or "Debtors"), debtor and debtor-in- possession in the captioned Chapter 11 Bankruptcy Case, by and through their counsel, hereby submit this Motion (the "Motion") for the entry of an Order, the "Interim Approval and Procedures Order" (i) approving the Disclosure Statement for the Debtor's Joint Plan of Reorganization dated June 10, 2021, as may be amended, supplemented or modified from time to time, including all exhibits and supplements thereto, the "Disclosure Statement" on an interim basis; (ii) scheduling a combined hearing (the "Confirmation Hearing") to consider (a) approval of the Disclosure Statement on a final basis and (b) confirmation of the Debtor's Joint Plan of Reorganization (as may be amended, supplemented or modified from time to time, including all exhibits and supplements thereto (the "Plan"), both of which have been filed contemporaneously with this Motion; (iii) approving the solicitation, notice and tabulation procedures related to solicitation of the Plan and the forms related thereto; and (iv) granting related relief.  In support of this Motion, the Debtors respectfully represent as follows:

## I. **JURISDICTION**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 (a)-(b) and 1334 (b) and the *Standing Order of Reference to the Bankruptcy Court under Title 11* of the United States District Court for the District of New Jersey dated September 18, 2012.  This a core proceeding pursuant to 28 U.S.C. §157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Legal and Statutory predicates for the relief sought herein are Sections 105, 502, 1123(a), 1124, 1125, 1126 and 1128 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002, 3003, 3016, 3017, 3018, 3020 and 9006 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3018-2 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## II. BACKGROUND

3. On October 8, 2020 (the "Petition Date"), the Debtors commenced the within voluntary cases under Chapter 11 of the Bankruptcy Code. The Debtors continued to operate their business and manage their affairs as Debtors in Possession pursuant to Sections 1107 (a) and 1108 of the Bankruptcy Code.

4. By Order dated November 13, 2020, the Court ordered the Joint Administration of the within three (3) Chapter 11 cases.

5. On November 4, 2020, the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee"). No Trustee or Examiner has been appointed in these Chapter 11 cases.

6. Information regarding the Debtors' business, capital structure and circumstances leading to the commencement of these Chapter 11 cases is set forth in the Declaration of Thomas Candelaria in support of the Debtors' First Day Motions (Docket No. 32).

7. By Notice dated October 14, 2020, the Court fixed December 17, 2020 as the deadline for filing Proofs of Claim in this case (the "Bar Date").

8. The Debtors filed their Schedules of Assets and Liabilities and Statement of Financial Affairs with the Chapter 11 Petitions in these Cases.

## III. THE PLAN AND DISCLOSURE STATEMENT

9. Contemporaneously with this Motion, the Debtors filed the Plan and the Disclosure Statement. The Plan results from vigorous negotiation with the Committee, through their counsel.

10. Pursuant to the Plan, Class 3 Unsecured creditors may recover the full amount of their claims, from a combination of proceeds being extended to the Debtors by the Plan Funders (the "Exit Financing") and proceeds to be recovered from avoidance claims and IP litigation.

11. Pursuant to the Plan, all priority and administrative claims are to be paid in full on the Effective Date of the Plan.

12. Pursuant to the Plan, Class 2 Noteholders will receive payment of approximately half of their claims in cash and conversion of the balance of their claims to stock in the Debtors.

13. Under the Plan, Class 3 Unsecured creditors and Class 2 noteholders are entitled to vote to accept or reject the Plan.

14. To the extent that Claims in a Voting Class are subject to an objection, other than a "reduced and allowed" objection that is filed with the Court on or prior to ten (10) days before the Voting Deadline (as defined herein), the holder of such Claims shall not be entitled to vote to accept or reject the Plan, unless one or more of the following has occurred before the voting deadline:

   a. An Order of the Bankruptcy Court entered allowing such Claim pursuant to Section 502(b) of the Bankruptcy Code, after Notice and a hearing;

   b. An Order of the Bankruptcy Court is entered temporarily allowing such Claim for voting purposes only, pursuant to Rule 3018(a), after notice and a hearing;

   c. A Stipulation or other Agreement is executed between the Holder of such Claim and the Debtors, resolving the objection allowing such Claim, in an agreed upon amount; or

   d. The pending objection is voluntarily withdrawn by the Debtors.

15. The Debtors respectfully submit that the Disclosure Statement complies with all aspects of Section 1125 of the Bankruptcy Code; however, by this Motion, the Debtors seek only interim approval of the adequacy of the Disclosure Statement. At the Confirmation Hearing, the Debtors will seek final approval of the adequacy of the Disclosure Statement, (as well as Confirmation of the Plan)

## IV. **RELIEF REQUESTED**

16. By this Motion, the Debtors respectfully request entry of the proposed Interim Approval and Procedures Order, substantially in the form submitted herewith (i) granting interim approval of the Disclosure Statement, solely to permit the Debtors to solicit the Plan, with final approval of the Disclosure Statement combined with the hearing and Confirmation of the Plan; (ii) fixing the dates and deadlines related to solicitation and Confirmation of the Plan as set forth in the Confirmation schedule (see below); (iii) approving certain solicitation, notice and tabulation procedures (the "Solicitation Procedures"), with respect to Confirmation of the Plan; (iv) approving the form of the Ballot and the notices in connection therewith; and (v) granting such other and further relief as is just and equitable.

17. A summary of the key dates the Debtors seek to establish subject to the Court's availability by the Interim Approval and Procedures Order are as follows (the "Confirmation Schedule"):

| EVENT | DATE |
|---|---|
| Hearing on Solicitation Procedures Motion | June 22, 2021 |
| Deadline to Serve the Notices and Solicitation Package | June 30, 2021 |
| Deadline to Object to Final Approval of the Disclosure Statement and Confirmation of the Plan | July 30, 2021 at 4:00 p.m. ET |
| Voting Deadline | July 30, 2021 at 4:00 p.m. ET |
| Deadline for Debtors to File Certification of Ballots | August 3, 2021 at 4:00 p.m. ET |

| | |
|---|---|
| Deadline for Debtors to file Confirmation Brief and/or Reply to any Plan or Disclosure Statement Objections | August 6, 2021 at 4:00 p.m. ET |
| Combined Hearing on Approval of the Disclosure Statement and Confirmation of the Plan | August 10, 2021 at 2:00 p.m. |

## V. BASIS FOR RELIEF REQUESTED

### A. Interim Approval of the Disclosure Statement is Appropriate.

18. The Debtors submit that the Disclosure Statement contains adequate information as defined in Section 1125 of the Bankruptcy Code. Accordingly, the Debtors request that the Court approve the Disclosure Statement (a) on an interim basis to permit the Debtors to use the Disclosure Statement in the solicitation process as described herein; and (b) on a final basis at the Confirmation Hearing, as part of the Order Confirming the Plan.

19. Pursuant to Section 1125 of the Bankruptcy Code, the proponents of a proposed Chapter 11 Plan must provide "adequate information" regarding that Plan to holders of impaired claims and interests entitled to vote on the Plan. 11 U.S.C. Sec 1125. Specifically, Section 1125(a)(1) of the Bankruptcy Code states in relevant part:

> "adequate information means information of a kind and insufficient detail, as far as is reasonably practicable in light of the nature and history of the Debtor and the condition of the Debtors books and records, including discussion of potential material federal tax consequences of the Plan to the Debtor, any successor to the Debtor and any hypothetical investor typical of the holders of claims or interests in the Case, that would enable such hypothetical investor of the relevant class to make an informed judgment about the Plan . . . in determining whether a Disclosure Statement provides adequate information, the Court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information."

Id. § 1125(a)(1).

20. The primary purpose of a Disclosure Statement is to provide all material information that creditors and interest holders affected by the proposed Plan need to make an informed decision regarding the Plan. See, e.g. Century Glove Inc. v. First AM Bank of N.Y., 860 F.2d 94, 100 (3rd Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote"); Prudential Ins. Co. of AM. v. Monnier, 755 F.2d 1336, 1341 (8th Cir. 1985); In re Phoenix Petroleum Co., 278 B.R. 385, 392 (Bankr. E.D. PA. 2001). Congress intended that informed judgments would be needed to both negotiate the terms of, and to vote on, a Plan. Century Glove, F.2d at 100.

21. Bankruptcy courts have broad discretion in determining whether a disclosure statement contains adequate information based on the unique facts and circumstances of each case. See Onedia Motor Freights, Inc. v. United Jersey Bank, 848 F.2d 414, 417 (3d Cir. 1988)("From the legislative history of §1125 we discern that adequate information will be determined by the facts and circumstances of each case."); Lisanti v. Lubetkin (In re Lisanti Foods, Inc.), 329 B.R. 491, 507 (D.N.J. 2005), aff'd, 241 Fed. App'x. 1 (3d Cir. Aug. 2, 2007) ("Section 1125 affords the Court substantial discretion in considering the adequacy of a disclosure statement.").

22. In making a determination about the adequacy of the information, courts will typically look at whether the disclosure statement contains information such as:

    a. the circumstances that gave rise to the filing of the bankruptcy petition;

    b. a description of the available assets and their value;

    c. The anticipated further of the debtor;

    d. The course of the information provided in the disclosure statement;

    e. The condition and performance of the debtor while in chapter 11;

    f. Claims against the debtors' estate;

    g. A liquidation analysis setting forth the estimated return that creditors would

       receive if the debtors' case was converted to a case under chapter 7 of the Bankruptcy Code;

   h.  the accounting and valuation methods used to produce the financial information in the disclosure statement;

   i.  the future management of the debtors, including the amount of compensation to be paid to any insiders, directors and/or officers of the debtor;

   j.  a summary of the chapter 11 plan;

   k.  an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

   l.  the collectability of any accounts receivable;

   m.  Any financial information, including financial valuations or pro forma projections that would be relevant to creditors' determination of whether to accept or reject the plan;

   n.  The risks to creditor and interest holders under the plan;

   o.  The actual or projected value that can be obtained from avoidable transfers;

   p.  The existence, likelihood and possible success of nonbankruptcy litigated; and

   q.  The tax consequences of the plan.

See, In re Scioto Valley Mortg. Co., 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988); Phoenix Petroleum, 278 B.R. at 393 (citing similar factors that Courts have used to determine the adequacy of information contained in disclosure statements, while cautioning that "no one list of categories will apply in every case").

      23. Here, the Disclosure Statement contains adequate, if not ample, information to allow the holders of the Claims and Interests to make an informed judgment regarding the Plan. The Disclosure Statement is the product of the Debtors' extensive review and analysis of its business, assets, and liabilities, and circumstances leading to this Chapter 11 case. Additionally, the Disclosure Statement contains detailed information regarding: (i) the terms of the Plan, including a summary of the classification and treatment of all Classes of Claims and Interests; (ii) the

8

treatment of holders of Allowed Claims and Allowed Interests: (iii) the effect of the Plan on holders of Claims and Interests and other parties in interest thereunder; (iv) the Claims asserted against the Debtor and the estimated amount of Claims that will ultimately be Allowed; (v) certain risk factors to consider that may affect the Plan; (vi) certain tax issues related to the Plan and distributions; and I(vii) the means for implementation of the Plan. Accordingly, the Debtors believe that the Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code and contains more than sufficient information for a hypothetical reasonable investor to make an informed judgment about the Plan. Thus the Debtors submit that the Disclosure Statement should be approved. Through this Motion, the Debtors seek only interim approval of the Disclosure Statement. At the confirmation Hearing, the Debtors will seek final approval of the adequacy of the Disclosure Statement and confirmation of the Plan.

### B. A Combined Hearing is Appropriate in These Circumstances

24. Section 1128 of the Bankruptcy Court provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and that "[a] party in interest may object to confirmation of a plan." 11 U.S.C. § 1128; see also Fed. R. Bankr. P. 3017 (c). Section 105(d)(2)(B)(vi) of the Bankruptcy Code expressly authorizes the Court to "issue an order . . . that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" where the Court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and economically." See 11 U.S.C. § 105(d)(2)(B)(iv); see also In re Gulf Coast Oil Corp., 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure statements in small business cases and § 105(d) authorizes the court to combine them in other cases.").

25. Courts in this district and beyond have previously allowed combined hearings to consider adequacy of a disclosure statement and confirmation of a Plan in the contest of chapter

11 cases.  See, e.g., In re Modell's Sporting Goods, Inc., et al., Case No. 20-14179(VFP) (Bankr. D.N.J. Oct. 8, 2020); In re SLT Holdco, Inc., Case No. 20-18368 (MBK), Docket No. 461 (Bankr. D.N.J. 2020); In re Mountain Creek Resort, Inc., Case No. 17-19899 (SLM), Docket No.1098 (Bankr. D.N.J. Dec. 12, 2019); In re New England Motor Freight, Inc., Case No. 19-12809 (JKS), Docket No. 1008 (Bankr. D.N.J. Nov. 14, 2019); In re Icon Eyewear, Inc., Case No. 18-34902 (JKS), Docket No. 72 (Bankr. D.N.J. Jan. 23, 2019).

26. Consistent with the forgoing authority, the Debtors respectfully request that the Court consolidate the hearing to consider approval of the Disclosure Statement and confirmation of the Plan at the single Confirmation Hearing.  The Debtors submit that a combined hearing will streamline and expedite the confirmation process, which will inure directly to the benefit of the Debtor's estate and its creditors by hastening the implementation of the Plan and limiting the amount of time the Debtor remains in chapter 11.  A combined hearing will space the Debtors' estate from additional administrative expenses associated with a two-stage process, and promote judicial efficiency and economy.

### C. The Court shall Approve the Setting of Certain Dates Related to Confirmation of The Plan.

**The Voting Deadline**

27. Bankruptcy Rule 3017(c) provides, in relevant part, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan . . ." Fed. R. Bankr. P. 3017(c).  The Debtors request that the Court establish July 30, 2021 at 4:00 p.m. (ET) as the deadline (the "Voting Deadline") for (i) holders of Claims in the Voting Class to vote on the Plan.  The Debtors believe that this timeframe will provide the Voting Class with adequate time to consider the Solicitation Package (defined below)

and respond by casting their Ballots. The Voting Deadline is prominently displayed on the Confirmation Hearing Notice (defined below).

### The Objection Deadline

28. The Debtors request that the Court direct the manner in which objections to final approval of the Disclosure Statement and confirmation of the Plan shall be made. Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed. R. Bankr. P. 3030(b)(1). Specifically, the Debtors request that the Court establish July 30, 2020 at 4:00 p.m. (ET) as the deadline (the "Objection Deadline") by which objections to final approval of the Disclosure Statement and Confirmation of the Plan or requests for modifications to the Plan, if any, must be filed and served.

29. The Debtors further request that objections to final approval of the Disclosure Statement, Confirmation of the Plan or proposed modifications to the Plan, if any, must:

    a.    be in writing;

    b.    conform to the Bankruptcy Rules and Local Rules;

    c.    state the name and address of the objecting party and the amount and nature of the Claim or Interest of such entity, to the extent applicable;

    d.    state with particularity the basis and nature of any objection to the Disclosure Statement, the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and

    e.    be filed, together with a proof of service, with the Court and served on the notice parties identified in the Confirmation Hearing Notice on or prior to the Objection Deadline.

### The Deadline to File a Certification of Balloting

30. In accordance with Local Rule 3018-2, a certification of balloting (the "Certification of Balloting") that summarizes, under penalty of perjury, both the numbers and

amounts of acceptances and rejections in the Voting Class, and certifies to the timely filing of the counted Ballots, will be filed by August 3, 2021 at 4:00 p.m. (ET).

### The Deadline to File a Confirmation Brief and/or Reply To any Plan and Disclosure Statement Objection

31. The Debtors also request that they (and other parties in support of the Plan) be permitted to file a brief in support of confirmation of the Plan and/or a reply to any objections to the final approval of the Disclosure Statement and Confirmation of the Plan no later than August 6, 2021 at 4:00 p.m. (ET).

### The Confirmation Hearing

32. In accordance with Bankruptcy Rule 3017 (c) and section 1128 of the Bankruptcy Code (requiring a confirmation hearing with respect to any chapter 11 plan), the Debtors request that the Confirmation Hearing be scheduled for August 10, 2021 at 2:00 p.m.

### D. The Court Should Approve Solicitation, Notice, and Tabulation Procedures

33. In order to seek confirmation of the Plan in an effective manner that is consistent with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and due process, the Debtors seek approval of the solicitation, notice and tabulation procedures described herein (the "Solicitation Procedures"). The Debtors believe the Solicitation Procedures are well-designed and specifically tailored to effectively permit parties in interest to make an informed judgment regarding the Plan and for the Voting Class to determine whether to vote to accept or reject the Plan. To the extent that circumstances require further modification of, or amendments to, the Solicitation Procedures, the Debtors reserve their rights to supplement or amend the Solicitation Procedures to further facilitate the solicitation of the Plan.

34. The Debtors propose to distribute the Solicitation Package required by Bankruptcy Rule 3017(d) to the Voting Class in the form and manner described below.

35. Except as otherwise indicated, upon entry of the Interim Approval and Procedures Order, the Debtors propose that the following materials (collectively, the "Solicitation Package") be distributed by or on behalf of the Debtors to each holder of a Claim in the Voting Class:

a. a cover letter describing the content of the Solicitation Package;

b. the Disclosure Statement, the Plan and all exhibits thereto (on a disk or flash drive in PDF format);

c. the Interim Approval and Procedures Order;

d. the Confirmation Hearing Notice (as defined below);

e. a Ballot (as defined below), including voting instructions;

f. a pre-addressed return envelope; and

g. such other materials as the Court may direct.

36. All other parties in interest will receive a copy of the notice of the Confirmation Hearing, substantially in the form attached to the Interim Approval and Procedures Order as Exhibit A (the "Confirmation Hearing Notice"). The Confirmation Hearing Notice provides, among other things, (i) notice of the filing of the Disclosure Statement and Plan, (ii) notice of the interim approval of the Disclosure Statement, (iii) information regarding the Confirmation Hearing, and (iv) directions for filing objections to the final approval of the Disclosure Statement and confirmation of the Plan by the Objection Deadline. In an effort to conserve resources, the Debtors propose that they will not mail printed or electronic copies of the Disclosure Statement (whether on a disk or a flash drive), the Interim Approval and Procedures Order, and the Plan (collectively, the "Plan Documents") to those parties receiving the Confirmation Hearing Notice, other than as provided in Paragraph 35 above. Instead, as set forth in the Confirmation Hearing Notice, the Debtors propose to provide directions therein for such parties to obtain (i) electronic copies of the Plan Documents via download from the website maintained by the Debtor, and (ii) a

print copy of the Plan Documents free of charge (but only to the extent so requested) to be delivered to the requesting party by first class mail.

37. The firm of Genova Burns LLC. will act as the Balloting Agent in connection with the solicitation of the Plan. The Balloting Agent may use an outside service for mailing of the solicitation documents.

    a. serving the Notices and distributing the Solicitation Package;

    b. receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan;

    c. responding to inquiries from holders of Claims and Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballot, the Solicitation Procedures, and matters related thereto, including, without limitation, the procedures and requirements for voting on the Plan;

    d. soliciting votes to accept or reject the Plan; and

    e. if necessary, contacting holders of Claims and Interests regarding the Plan.

38. Through the outside agent, the Debtors intend to serve the Notices and the Solicitation Package on or before June 30, 2021 (the "Service Date").

39. The Debtors submit that serve of the Notices and the Solicitation Package on or before the Service Date will provide the requisite information to holders of Claims and Interests in compliance with Bankruptcy Rule 3017(d). See Fed. R. Bankr. P. 3017(d) (requiring that after approval of the disclosure statement, except to the extent the Court orders otherwise, the debtor must transmit the plan, the approved disclosure statement, notice of the time within which to file acceptances and rejections of the plan, and any other information that the court may direct to creditors and equity security holders).

    **E.**     **The Court Should Approve the Form of the Confirmation Hearing Notice**

40. Pursuant to Bankruptcy Rule 2002(b), the Debtors are required to provide notice to all holders of claims or equity interest of the time fixed for filing objections to the combined

hearing on final approval of a disclosure statement and confirmation of a chapter 11 plan. Fed. R. Bankr. P. 2002(b). To satisfy this requirement, the Debtors intend to send to all holders of Claims and Interests a copy of the Confirmation Hearing Notice. In accordance with Bankruptcy Rules 2002 and 3017(d), the Confirmation Hearing Notice shall contain, among other things:

    a.    the time, date and place for the Confirmation Hearing;

    b.    The Objection Deadline and the manner in which objections shall be filed;

    c.    a disclosure regarding the release, exculpation, and injunction provisions of Article VII of the Plan; and

    d.    instructions on how to obtain electronic or print copies of any of the Plan Documents, to the extent a recipient of the Confirmation Hearing Notice did not otherwise receive same.

41. The Debtors respectfully request that the Court find that the Confirmation Hearing Notice complies with the requirements of Bankruptcy Rules 2002(b) and (d). The Debtors further request that the Court determine that the Confirmation Hearing Notice contains sufficient disclosure regarding the release, exculpation, and injunction provisions contained in Article VII of the Plan.

    **F.**    **The Court Should Approve the Form of the Notice to Non-Voting Classes**

42. The Debtors do not intend to solicit votes from holders of Claims and Interests in Non-Voting Classes. As explained above, the Debtors will, however, send the Non-Voting Status Notice, in lieu of the Solicitation Package, to the holders of Claims and Interests not entitled to vote on the Plan. The Debtors respectfully submit that the Non-Voting Status Notice complies with the Bankruptcy Code and, therefore, should be approved.

### VI. **WAIVER OF MEMORANDUM OF LAW**

43. Because the legal basis upon which the Debtors rely is incorporated herein and the Motion does not raise any novel issues of law, the Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3).

### VII. **NO PRIOR REQUEST**

44. No prior request for the relief sought in this Motion has been made to this Court or any other court.

### VIII. **NOTICE**

45. Notice of this Motion has been provided to (i) the Office of the United States Trustee, (ii) counsel to the Committee; (iii) the Plan proponents; (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) the United States Attorney's Office for the District of New Jersey; (vii) and any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that in view of the facts and circumstances, such notice is sufficient, and no other or further notice need to be provided.

### IX. **CONCLUSION**

**WHEREFORE**, the Debtors respectfully request the entry of the Interim Approval and Procedures Order granting the relief requested herein and such other and further relief as the Court may deem just and equitable.

                                        **GENOVA BURNS LLC.**
                                        Counsel to the Debtors

                                        By: */s/ Daniel M. Stolz*          .
                                            DANIEL M. STOLZ

Dated: June 14, 2021.