| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>**GOULSTON & STORRS PC**<br>885 Third Avenue, 18th Floor<br>New York, NY 10022<br>Phone: 212-878-6900<br>Fax: 212-878-6911<br>*Counsel for ESW Holdings, Inc.*<br>**JONATHAN GRIPPO**<br>**TREVOR R. HOFFMANN** *(pro hac to be submitted)*<br>**JAMES F. WALLACK** *(pro hac to be submitted)*<br><br>**and**<br><br>**RABINOWITZ, LUBETKIN & TULLY, LLC**<br>Jeffrey A. Cooper, Esq.<br>293 Eisenhower Parkway, Suite 100<br>Livingston, NJ 07039<br>E-mail: jcooper@rltlawfirm.com<br>Phone: (973) 597-9100<br>*Co-Counsel to ESW Holdings, Inc.* | |
| In Re:<br><br>**SITO MOBILE SOLUTIONS, INC.,**<br><br>                     Debtor | Case No.: 20-21436<br><br>Judge: Honorable Stacey L. Meisel<br><br>Chapter: 11 |
| In Re:<br><br>**SITO MOBILE, LTD.,**<br><br>                     Debtor | Case No.: 20-21435<br><br>Judge: Honorable Stacey L. Meisel<br><br>Chapter: 11 |
| In Re:<br><br>**SITO MOBILE R&D IP, LLC,**<br><br>                     Debtor | Case No.: 20-21437<br><br>Judge: Honorable Stacey L. Meisel<br><br>Chapter: 11<br><br>**Related to: D.I. 229, 230, 231** |

**OBJECTION OF ESW HOLDINGS, INC. TO DEBTORS'**
**APPLICATION FOR ORDER SHORTENING TIME**

**TO THE HONORABLE STACEY L. MEISEL**
**UNITED STATES BANKRUPTCY JUDGE**

ESW Holdings, Inc. ("ESW"), by and through its counsel, hereby submits this Objection (this "Objection") to the Debtors' *Application for Order Shortening Time* (D.I. 231) (the "Application") in connection with its *Motion For Entry Of An Order (I) Approving The Disclosure Statement On An Interim Basis; (II) Scheduling A Combined Hearing On Final Approval Of The Disclosure Statement And Plan Confirmation And Deadlines Related Thereto; (III) Approving The Solicitation, Notice And Tabulation Procedures And Forms Related Thereto; And (IV) Granting Related Relief* (D.I. 230). In support of this Objection, ESW respectfully represents as follows:

## OBJECTION

1. Since the first days of these bankruptcy cases, ESW has advised the Debtors of its interest in making an offer to acquire its business either through an acquisition under section 363 of the Bankruptcy Code or under a plan of reorganization. The Debtors have repeatedly refused to engage with ESW, despite ESW's familiarity with the Debtors' business and its track record of successful acquisitions from similarly situated bankrupt debtors that have enhanced value for creditors. In view of the Debtors' refusals, ESW recently acquired a trade claim and now is a creditor of the Debtors, with standing in this case.[1]

2. ESW objects to the speed with which the Debtors are seeking to proceed in these cases. The Debtors filed their *Disclosure Statement In Support Of Joint Plan Of Reorganization* (the "Disclosure Statement")[2] on Friday, June 11, 2021. On Monday, June 14, 2021, the Debtors filed the Application, seeking an expedited hearing to conditionally approve the Disclosure

---

[1] ESW Holdings, Inc. is a creditor in these cases by way of assignment of claim from Verbal Ink (Ubiqus).
[2] All Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Disclosure Statement.

Statement. The Application provides no basis for the relief sought except that the "Debtor is desirous of emerging from bankruptcy as quickly as possible." This is not a valid reason to shorten notice and curtail the procedural safeguards of the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 3017, 9006(c)(1).

3. ESW has not yet had sufficient time to comprehensively review and evaluate the substance of the Disclosure Statement. That said, it is clear on its face that—as both a matter of procedural fairness and informational adequacy—the Disclosure Statement cannot be approved on an interim basis to permit the Debtors to commence solicitation.

4. The Debtors are proposing an insider plan, which contemplates that existing equity holders will retain their equity pursuant to a plan of reorganization. The Disclosure Statement requires the close scrutiny of the Bankruptcy Court, especially given the likelihood that the Plan is unconfirmable on its face. The Plan provides that equity will remain in place notwithstanding the fact that Class 3 (General Unsecured Creditors) is impaired—and is guaranteed only a recovery of 20 percent on allowed General Unsecured Claims. The remainder of any recoveries to Class 3 is premised entirely on speculative litigation recoveries—and even then, the Plan contains a complicated waterfall pursuant to which the Plan Funders (insiders) and the reorganized Debtor (owned by insiders) will be paid significant litigation proceeds prior to General Unsecured Creditors being paid in full.

5. In light of the Debtors' insider plan, it is particularly important that the Plan be subjected to a market test. Instead, the Debtors have opted to close themselves off to potential interest in favor of proposing a plan for the benefit of insiders. The Debtors have repeatedly rebuffed potential interest from ESW. Indeed, ESW first approached the Debtors during the first week the bankruptcy cases were filed. ESW has requested that the Debtors engage with it, so

that, following an expedited diligence period of approximately one week, ESW may quickly determine whether to propose a plan and/or a Bankruptcy Code section 363 sale that would bring enhanced value to General Unsecured Creditors—and allow the Debtors to exercise their fiduciary duties to maximize value for their creditors.[3] The only way that the Debtors can satisfy the strictures of *Bank of America National Trust and Savings Assoc. v. 203 North LaSalle Street Partnership*, 526 U.S. 434, 119 S.Ct. 1411 (1999) and its progeny is via a market test. What absolutely should not happen is an expedited solicitation process, engineered by the Debtors to prevent a market test in favor of existing equity.

6. Additionally, despite its length, the Disclosure Statement lacks adequate information that would permit a creditor to evaluate whether to vote in favor of or against the Plan—including a discussion of the expected recoveries to Class 3 (General Unsecured Creditors). The Disclosure Statement indicates that Class 3 may receive up to 100% recoveries based on the proceeds of certain litigation, however, there is inadequate, if any, discussion as to the likelihood that such litigation will be successful, the range of recoveries which may be obtained in such litigation or the expected timing of such recoveries. Indeed, given the waterfall, which would provide material litigation recoveries to insiders prior to allowed General Unsecured Claims, it would appear that those insiders proposing the Plan have little confidence in their claim that Class 3 will receive "up to the 100%" recoveries.

7. Moreover, the Disclosure Statement provides no liquidation analysis— aside from a conclusory statement that creditors would be expected to receive less in a liquidation. This is

---

[3] ESW is familiar with the bankruptcy process, and has the industry experience and financial wherewithal to successfully consummate an expeditious acquisition of SITO or its assets, as evidenced by ESW's successful acquisition of numerous debtors out of bankruptcy over the past several years, including *HipCricket, FirstRain, WaveSystems, BroadVision, Security First Corp.,* and *Prysm*. Additionally, ESW is familiar with SITO and its business operations, both from SITO's public filings and from ESW's prior dealings with SITO (SITO acquired certain HipCricket assets from ESW in or about July 2015). ESW is of course willing to sign a confidentiality agreement on satisfactory terms.

insufficient and inadequate— especially where there may be buyers, such as ESW, who might be willing to pay consideration sufficient to provide enhanced recoveries to Class 3 creditors.

8. While ESW has not had sufficient time to sufficiently review the Disclosure Statement for other issues, it notes the following:

(i) there does not appear to be a disclosure as to the nature of compensation to be paid to the Debtors' CEO following the Effective Date;

(ii) there is little discussion as to why the extraordinarily rare remedy of substantive consolidation is appropriate in these cases. Based on the Debtors' disclosures, substantive consolidation here seems to be for convenience and strategic purposes. It is unclear that this is necessary—and whether it is truly being done to enable the Debtors to use Class 2 (Noteholders), the majority of which appear to be existing equity holders— as an impaired consenting class for "the plan" under Bankruptcy Code section 1129(a)(10);

(iii) the Disclosure Statement does not explain how or why the Plan Funders qualify for the protections of Exculpated Parties;

9. In short, it is clear that the Application should be denied. The Disclosure Statement should not be approved on an interim basis to permit the Debtors to expedite solicitation. Rather, the Debtors should take the time necessary to engage with ESW—and potentially others—to determine whether a better outcome may be obtained for creditors. Additionally, the Disclosure Statement must not be used to solicit votes until the Debtors remedy its structural and informational deficiencies.

WHEREFORE, for the reasons set forth herein, ESW respectfully requests that the Court deny the Application and grant such other relief as may be appropriate under the circumstances.

4843-7871-3583, v. 1

| | |
|---|---|
| Dated: New York, NY<br>June 15, 2021 | **GOULSTON & STORRS PC**<br>*Attorneys for ES Holdings, Inc.*<br><br>By: *s/ Jonathan A. Grippo*<br>Jonathan A. Grippo<br>885 Third Avenue, 18th Floor<br>New York, New York 10022<br>Tel:   (212) 878-6900<br>Fax:   (212) 878-6911<br>jgrippo@goulstonstorrs.com<br>Trevor R. Hoffmann (*pro hac vice* to be submitted)<br>thoffmann@goulstonstorrs.com<br><br>GOULSTON & STORRS PC<br>400 Atlantic Avenue<br>Boston, Massachusetts 02110-3333<br>Tel:   (617) 482-1776<br>Fax:   (617) 574-4112<br>James F. Wallack (*pro hac vice* to be submitted)<br>jwallack@goulstonstorrs.com<br><br>*Counsel to ESW Holdings, Inc.*<br><br>**RABINOWITZ, LUBETKIN & TULLY, LLC**<br><br>By:      /s/ Jeffrey A. Cooper<br>Jeffrey A. Cooper, Esq.<br>293 Eisenhower Parkway, Suite 100<br>Livingston, NJ 07039<br>E-mail:  jcooper@rltlawfirm.com<br>Phone:  (973) 597-9100<br>*Co-Counsel to ESW Holdings, Inc.* |